[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 28, 2003
THOMAS K. KAHN
CLERK

No. 02-14660
Non-Argument Calendar
_____

D.C. Docket No. 01-02155-CV-BBM-1

ROBERT LOVETT,

Plaintiff-Appellant,

versus

WALTER S. RAY, Chairman,
GEORGIA STATE BOARD OF PARDONS
AND PAROLES,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____
**(February 28, 2003)**

Before DUBINA, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Robert Lovett, a state prisoner, filed a 42 U.S.C. § 1983 complaint, alleging that the defendants violated his constitutional right against ex post facto laws by changing the frequency of his parole consideration under a newly enacted law. The district court dismissed his complaint as time barred, and he now appeals pro se. We affirm.

"We independently review the district court's ruling concerning the applicable statute of limitations." Uboh v. Reno, 141 F.3d 1000, 1002 (11th Cir. 1998). "Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." Id. Federal law determines when the statute of limitations begins to run. Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. at 561-62 (internal marks omitted).

Georgia's statute of limitations is two years. Thigpen v. Bibb County, Ga., Sheriff's Dep't, 223 F.3d 1231, 1243 (11th Cir. 2000). Lott was notified by the defendants in September 1998 that he would not be reconsidered for parole until 2006. As of that time he knew, or should have known, all of the facts necessary to

pursue a cause of action, but he did not file his complaint until August 10, 2001, more than two years later. Therefore, his claim was untimely.

Lott contends his complaint should not be time barred under the continuing violation doctrine. "The critical distinction in the continuing violation analysis . . . is whether the plaintiff[] complain[s] of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Knight v. Columbus, Ga., 19 F.3d 579, 580-81 (11th Cir. 1994) (internal marks omitted). Here, the defendants' act (deciding not to consider Lovett for parole again until 2006) was a one time act with continued consequences, and the limitations period is not extended.

Lovett's final argument is that the untimeliness of his complaint should be excused. He states that he filed his complaint in 2000 but that it was not docketed until later because of delays in the processing of his in forma pauperis paperwork. Because he raises that argument for the first time in his reply brief, it is not properly before us. Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994). Further, the only evidence regarding Lovett's alleged 2000 complaint is an exhibit to his reply brief, which appears to be from a different case because it contains a different docket number.

AFFIRMED.