[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11487
Non-Argument Calendar

_____

D. C. Docket No. 06-01099-CV-J-25-HTS

JANET BEAL,

Plaintiff-Appellant,

versus

CSX CORPORATION,
RANDSTAD,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 21, 2009)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Janet Beal, an African-American female, appeals *pro se* from the district court's grant of summary judgment in favor of defendants CSX, Corporation ("CSX") and Randstad in her employment discrimination suit brought under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §§ 2000e-2(a), 3(a), and the district court's order that she pay costs to the defendants, pursuant to Federal Rule of Civil Procedure 54(d)(1).[1] On appeal, Beal argues that: (1) Randstad engaged in retaliation after she complained of harassment and filed complaints with the Equal Employment Opportunity Commission ("EEOC"); (2) CSX racially and sexually discriminated against her when it failed to hire her; and, (3) the district court abused its discretion by ordering her to pay costs.

## I. Retaliation

Beal asserts that she was retaliated against when Randstad: (1) barred her from future work assignments; (2) impeded her ability to find work in Jacksonville, Florida; (3) interfered with her unemployment benefits; and, (4) aided in her termination from Johnson & Johnson.

---

[1] Beal failed to address the following claims in her initial brief on appeal: (1) the district court's denial of her motion to alter or amend judgment; (2) the district court's grant of summary judgment to defendants on her slander claim; and, (3) the district court's grant of summary judgment to Randstad on her racial and sexual discrimination claims. Therefore, she has abandoned these claims. *APA Excelsior III L.P. v. Premiere Techs., Inc.,* 476 F.3d 1261, 1269-70 (11th Cir. 2007) (issues raised only in passing in an initial brief are abandoned); *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (per curiam) (issues raised for the first time in a *pro se* litigant's reply brief are abandoned).

Title VII prohibits retaliation in employment and provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

"To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) [s]he engaged in statutorily protected expression; (2) [s]he suffered an adverse employment action; and (3) there is some causal relation between the two events." *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (internal quotation marks and citation omitted). Regarding the causal link, "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Id.* (internal quotation marks and citation omitted). Once the plaintiff has met her burden of establishing a *prima facie* case of retaliation, the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action. *Crawford v. Carroll*, 529 F.3d 961, 976 (11th Cir. 2008) (citation omitted).

Here, Beal acknowledged in her deposition that she never reported the harassment that she allegedly experienced at CSX to Randstad. She further testified that she did not complain to CSX, either verbally or in writing, of either

3

sexual or racial harassment until after her assignment there ended.  Therefore, Beal's claim that she was retaliated against after complaining about harassment is without merit, given that she has admitted that she never made any such complaints.

Beal failed to establish a *prima facie* case of retaliation because she did not demonstrate that Randstad was aware of her protected activity at the time it allegedly retaliated against her.  The district court therefore did not err in granting summary judgment to Randstad as to Beal's retaliation claim.

## II.  Failure to Hire

Beal contends that she was qualified for at least one of the more than 20 positions for which she applied at CSX.  However, she asserts that CSX either abolished the positions for which she was qualified or filled those positions with Caucasian candidates.[2]

Title VII prohibits employment discrimination on the basis of a number of characteristics, including race and gender.  42 U.S.C. § 2000e-2(a)(1).  Because Beal is alleging a failure to hire claim, she must show that: (1) she is a member of a protected class; (2) she applied for and was qualified for an available position;

---

[2] Beal also asserts that CSX was motivated not to hire her so that Howard Elliott, Vice President of Public Safety, could take possession of her Journey Track program for CSX's own use.  This claim is not actionable under Title VII.  *See* 42 U.S.C. § 2000e-2(a)(1).

4

(3) she was rejected; and, (4) the defendant filled the position with a person outside of her protected class. *Walker v. Prudential Prop. & Cas. Ins. Co.*, 286 F.3d 1270, 1274-75 (11th Cir. 2002) (citation omitted). Once a plaintiff establishes a *prima facie* case, "the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for his adverse action." *Id.* at 1274. When the defendant articulates such a reason, "the presumption of discrimination is eliminated, and the plaintiff must submit evidence showing that the articulated reason is pretextual." *Id.*

Although Beal satisfies the first prong of test, as she is a member of a protected class, she has not presented evidence demonstrating that she was qualified for the positions for which she applied. Additionally, Beal has not demonstrated that CSX filled the positions for which she applied with individuals outside of her protected class. In fact, she acknowledged that she knew nothing about how, why, or by whom the positions were filled. Furthermore, CSX provided a non-discriminatory reason why each other candidate was selected. Thus, Beal failed to establish a *prima facie* case of sex or race discrimination based on failure to hire.

### III. Order to Pay Costs

Finally, Beal argues that the district court erred by not granting her relief

from court costs. She alleges that she is being punished for exercising her constitutional rights.

"This court will not disturb an award of costs unless a clear abuse of discretion is demonstrated." *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991) (citation omitted). "[T]he proper inquiry is not how the reviewing court would have ruled if it had been considering the case in the first place, but whether the premise upon which the district court exercised its discretion was correct." *Id.* Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1).

Here, Beal has neither alleged nor demonstrated how the district court abused its discretion in ordering that she be taxed costs. The district court properly awarded costs to the prevailing party and taxed Beal only the court costs, not including attorney's fees. Thus, the district court has not abused its discretion.

## CONCLUSION

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**

6