[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13840
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-60637-CV-CMA

ALBERT PERHACH,

Plaintiff-Appellant,

versus

OPTION ONE MORTGAGE CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 15, 2010)

Before TJOFLAT, EDMONDSON and MARTIN, Circuit Judges.

PER CURIAM:

Albert Perhach, appearing *pro se*, challenges the district court's denial of his

motion for relief from its order compelling arbitration and his motion to vacate the arbitrator's award in his suit against his former employer, Option One Mortgage Corporation ("Option One"), for breach of contract, fraud, and employment discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a). After filing suit against Option One in federal court, Option One moved the district court to stay proceedings and compel Perhach to file a petition for arbitration pursuant to a Mutual Agreement to Arbitrate Claims ("Arbitration Agreement") signed by Perhach as a condition of his employment with Option One. The district court granted Option One's motion, and the parties arbitrated their dispute. The arbitrator granted summary judgment in favor of Option One on all of Perhach's claims, and Perhach moved the district court to do two things: (1) "vacate" its prior order compelling arbitration and (2) vacate the arbitrator's award. The district court submitted the matter to a magistrate judge who recommended denying Perhach's motions. Perhach did not file timely objections to the magistrate judge's report; consequently, the district court adopted the report and the magistrate judge's recommendation, denying Perhach's motions. Perhach now appeals.

**I.**     *Whether the district court plainly erred in denying Perhach's pro se motion for relief from the district court's order compelling arbitration*

Appearing *pro se* on appeal, Perhach's brief does not include an argument

section. Nonetheless, Perhach asserts in his statement of jurisdiction that the district court abused its discretion by compelling arbitration because he was coerced into signing the Arbitration Agreement. Perhach explains that he was coerced into signing the agreement because it was a condition of employment and failure to sign it would have resulted in his immediate termination. He urges us to reverse the district court's order compelling arbitration and remand for further proceedings. To his brief, Perhach attaches the Arbitration Agreement, his employment offer letter, the arbitrator's final response letter, a Texas arbitration case, and a news article from 2007 regarding an arbitration case in the Ninth Circuit Court of Appeals.

Typically, we review *de novo* a district court's order compelling arbitration. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 n.6 (11th Cir. 2005). However, Perhach did not appeal directly the court's order compelling arbitration, but rather, he appeals the denial of his motion to "vacate" the court's order compelling arbitration. Perhach's *pro se* "motion to vacate" the court's prior order is akin to a motion for relief from an order under Rule 60(b)(6). *See* Fed. R. Civ. P. 60(b)(6) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (6) any other reason that justifies relief."). Generally, we review a district court's order on a

3

Rule 60(b) motion for an abuse of discretion. *Willard v. Fairfield Southern Co., Inc.*, 472 F.3d 817, 821 (11th Cir. 2006). However, when a magistrate judge issues a report and notifies the parties of the consequences of failing to object to the report, "and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice." *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993). "In order to satisfy this extremely stringent form of review, the party must establish that (1) an error occurred; (2) the error was plain; (3) the error affected substantial rights; and (4) not correcting the error would seriously affect the fairness of the judicial proceeding." *Wilbur v. Correctional Services Corp.*, 393 F.3d 1192, 1204 n.6 (11th Cir. 2004) (quotations omitted). We will reverse for plain error in a civil case only in exceptional cases where the error is "so fundamental as to result in a miscarriage of justice." *Montgomery v. Noga*, 168 F.3d 1282, 1294 (11th Cir. 1999).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). Issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir.

4

2002).  Additionally, we do not address arguments raised for the first time, in a *pro se* litigant's reply brief.  *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003).  Moreover, "[b]y well settled convention, appellate courts generally will not consider an issue or theory that was not raised in the district court."  *F.D.I.C. v. Verex Assur., Inc.*, 3 F.3d 391, 395 (11th Cir. 1993).

Statutory claims may be subject to an enforceable arbitration agreement, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, unless Congress intended to preclude a waiver of judicial remedies to enforce the statutory rights at issue.  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S.Ct. 1647, 1652, 114 L.Ed.2d 26 (1991) (holding that the FAA applies to claims under the ADEA).

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court *shall make an order* directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4 (emphasis added).  "Furthermore, under the FAA, arbitration agreements are 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of the contract.'"  *Caley*, 428 F.3d at

5

1367, *citing* 9 U.S.C. § 2. "Mere inequality in bargaining power, however, is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." *Gilmer*, 500 U.S. at 33, 111 S.Ct. at 1655. When a court is faced with a motion to compel arbitration, it must determine whether the parties agreed to arbitrate the dispute, and it "make[s] this determination by applying the federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3353, 87 L.Ed.2d 444 (1985) (quotations and citation omitted).

Here, Perhach did not file a timely objection to the magistrate judge's report, and therefore we review any challenged factual findings for plain error. Contrary to Perhach's assertions, arbitration agreements are not coercive simply because an employer requires them as a condition of employment, and as the FAA provides, the district court shall compel arbitration once it has determined that the parties agreed to arbitrate the dispute. In this case, Perhach admitted to signing the Arbitration Agreement, which provided that Option One and Perhach "mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, whether or not arising out of my employment (or its termination), that the Company may have against me or that I may have against the

6

Company." Given that Perhach's coercion argument is based solely on the premise that he would have been fired had he not signed the Arbitration Agreement, he fails to demonstrate any error as a matter of law, much less plain error.

**II.** **Whether the district court erred in denying plaintiff's pro se motion to vacate the final order of arbitration**

Perhach also challenges the district court's denial of his motion to vacate the final order of arbitration, arguing that the arbitrator failed to recognize that he was coerced into signing the Arbitration Agreement, and the arbitrator did not provide him the opportunity to present evidence. Specifically, Perhach asserts that the arbitrator told him to "keep his evidence" for a hearing that never transpired.

"On an appeal of a district court's decision to confirm or vacate an arbitration award, we review the district court's resolution of questions of law *de novo* and its findings of fact for clear error." *Rintin Corp., S.A. v. Domar, Ltd.*, 476 F.3d 1254, 1258 (11th Cir. 2007). As stated above, when a party fails to object to a magistrate's report, we review any challenged factual findings for plain error. *See Resolution Trust Corp.*, 996 F.2d at 1149.

The FAA provides four statutory grounds for vacating an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evident partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to

7

postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Additionally, we have recognized three non-statutory grounds for vacating an arbitration award. *B.L. Harbert Intern., LLC v. Hercules Steel Co.*, 441 F.3d 905, 910 (11th Cir. 2006). "An award may be vacated if it is arbitrary and capricious, if enforcement of the award is contrary to public policy, or if the award was made in manifest disregard for the law." *Id.* (internal citations omitted). Moreover, we have held that "a mere difference of opinion between the arbitrators and the moving party as to the correct resolution of a procedural problem will not support vacatur under section 10(a)(3)." *See Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1016 (11th Cir. 1998) (affirming district court's denial of motion to vacate an arbitration award because the appellant's allegations amounted "to precisely the vague, remote, and speculative charges that we have held cannot support an order to vacate an arbitration award"). The "arbitrator need not consider all the evidence the parties seek to introduce but may reject evidence that is cumulative or irrelevant." *Id.* at 1017. In *Scott*, we also stated that "the FAA permits arbitration to proceed with only a summary hearing and with restricted

8

inquiry into factual issues . . . the arbitrator need only give each party the opportunity to present its arguments and evidence." *Id.* (quotations and internal alterations omitted).

Here, Perhach failed to object to the magistrate judge's findings that the arbitrator gave him the opportunity to file evidence and considered the evidence that Perhach submitted, and therefore, we review the challenged factual findings for plain error. While Perhach's argument falls under one of the enumerated statutory grounds for vacating an arbitration order, i.e., that the arbitrator refused to hear evidence pertinent and material to the controversy, Perhach's vague challenge to the arbitration process fails to satisfy the plain error standard. Even though Perhach had the opportunity to submit evidence, he chose not to present witnesses and does not specify what evidence the arbitrator failed to consider. Accordingly, we discern no reversible error.

AFFIRMED.