[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10085
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:10-cv-01646-SDM-AEP

KEITH VANBENTHUYSEN,
BEVERLY VANBENTHUYSEN,

Plaintiffs-Appellants,

versus

STATE OF FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 1, 2011)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Keith and Beverly VanBenthuysen, proceeding *pro se*, appeal the district court's order dismissing their civil rights complaint, which was brought pursuant to 42 U.S.C. § 1983. On appeal, the VanBenthuysens argue that the district court erred in concluding that their claims were barred by the *Rooker-Feldman*[1] doctrine. For the reasons stated below, we affirm.

I.

In July 2010, the VanBenthuysens filed a *pro se* § 1983 complaint against the State of Florida. Their complaint was based upon the following facts. In July 2002, the Circuit Court of Polk County, Florida, entered a temporary order in a divorce proceeding between Keith and Jill Ann VanBenthuysen. The order directed Keith to make monthly child support and alimony payments to Jill Ann. No judgment of divorce ever was entered in the Polk County case. According to the VanBenthuysens' § 1983 complaint, the Polk County judge had been "co-opted" by Jill Ann's attorney.

While the Polk County case was pending, Keith filed a separate divorce action in Okaloosa County, Florida. Jill Ann was notified of the Okaloosa County case but did not participate in the proceedings. In March 2003, the Okaloosa

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

County Circuit Court issued a final judgment dissolving the marriage between Keith and Jill Ann. The complaint explained that the Okaloosa County judgment nullified the earlier Polk County support order. In April 2003, Keith and Beverly were married in Las Vegas, Nevada. One year later, the Okaloosa County Circuit Court granted a motion by Jill Ann's attorney to vacate the final judgment of divorce.

The VanBenthuysens' complaint set forth three causes of action. In Count One, the VanBenthuysens argued that the state had violated Keith's Fifth and Fourteenth Amendment rights by continuing to garnish his paychecks under the Polk County support order, even though that order had been "subsumed" by the Okaloosa County divorce decree. The VanBenthuysens further asserted the state had violated Keith's First Amendment right to travel by confiscating his passport. In Count Two of the complaint, the VanBenthuysens sought a declaratory judgment that the Okaloosa County divorce judgment was valid and that the order vacating that judgment was "*ultra vires*." In Count Three, the VanBenthuysens sought a temporary restraining order and a preliminary injunction directing the state to stop garnishing Keith's paychecks.

The state moved to dismiss the complaint, contending, among other things, that the VanBenthuysens' claims were barred by the *Rooker-Feldman* doctrine.

3

The district court granted the state's motion to dismiss. The district court concluded that the *Rooker-Feldman* doctrine prevented it from reviewing the Polk County judgment ordering Keith to pay child support.

## II.

Whether a plaintiff's complaint is barred by the *Rooker-Feldman* doctrine is a legal question that we review *de novo*. *Doe v. Florida Bar*, 630 F.3d 1336, 1340 (11th Cir. 2011). The *Rooker-Feldman* doctrine is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments. *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). The Supreme Court has explained that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005). We have interpreted *Exxon Mobil* to mean that *Rooker-Feldman* doctrine does not apply if the state proceedings are still ongoing at the time that the federal action is filed. *See Nicholson*, 558 F.3d at 1279.

Here, it is unclear whether the state court divorce proceedings had concluded at the time that the VanBenthuysens filed their complaint in federal

district court. According to the complaint, no final judgment ever was entered in the Polk County divorce proceeding, and the final judgment in the Okaloosa County proceeding was set aside in 2004. Nevertheless, we need not decide whether the district court erred in applying the *Rooker-Feldman* doctrine because the record reveals at least two alternative bases for dismissing the VanBenthuysens' complaint. *See Green v. Jefferson County Comm'n*, 563 F.3d 1243, 1245 n.3 (11th Cir. 2009) (noting that we may affirm the district court on any ground supported by the record). First, the complaint was subject to dismissal because the VanBenthuysens brought their claims directly against the State of Florida, which is not a proper defendant in a § 1983 action. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989) (holding that a state is not a "person" liable to suit under § 1983).

Second, the VanBenthuysens' claims are barred by the statute of limitations. In a § 1983 action, federal courts apply the forum state's residual statute of limitations for personal injury actions. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). In Florida, the applicable limitations period is four years. *Id.*; Fla.Stat. § 95.11(3)(p). The statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v.*

5

*Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (quotation omitted).

Here, the VanBenthuysens' complaint was not filed until July 2010, eight years after the entry of the Polk County support order, and more than six years after the Okaloosa County Circuit Court entered an order vacating its earlier divorce judgment. Thus, all of the VanBenthuysens' claims were barred by the four-year statute of limitations. *See Burton*, 178 F.3d at 1188; Fla.Stat. § 95.11(3)(p). Accordingly, after review of the record and the parties' briefs, we affirm.

**AFFIRMED.**