[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 14, 2012
JOHN LEY
CLERK

No. 11-13772
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cv-00088-LGW-JEG

JONATHAN HANS,

                                            Petitioner-Appellant,

versus

WARDEN, FCI JESUP,

                                            Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 14, 2012)

Before MARCUS, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Jonathan Hans, a pro se federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2241 federal habeas petition. Hans argues that the district court erred in refusing to credit the 508 days that he spent at the halfway house toward his 120-month sentence. After careful review, we affirm.

We review de novo the district court's denial of a habeas corpus petition. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000).

Section 3585(b) of Title 18 provides that:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

In Reno v. Koray, the Supreme Court considered the meaning of "official detention" in 18 U.S.C. § 3585(b). 515 U.S. 50, 52, 55-56 (1995). The Court considered whether a defendant who was released to a Volunteers of America ("VOA") community treatment center pending sentencing, but whose "release order"

2

required that he be "confined to [the] premises" and was without "authoriz[ation] to leave for any reason" unless accompanied by a government agent was in "official detention." Id. at 52-53. The Court held that a defendant suffers "detention" only when committed to the custody of the Attorney General; a defendant who is admitted to bail on restrictive conditions is "released." Id. at 57. The Court acknowledged that under this definition a defendant could be "released" even though he or she was subject to restraints that did not materially differ from those imposed on "detained" defendants. Id. at 62-63. The Court explicitly rejected the notion that the determination of whether or not a person was in "official detention" depended on whether he or she was subjected to "jail-type confinement." Id. at 64. The Court concluded that the time the defendant spent at the VOA community treatment center while "released" on bail was not "official detention," and thus, the defendant was not entitled to credit against his sentence of imprisonment. Id. at 65.

As applied here, the Supreme Court's decision in Koray forecloses Hans's argument that his "jail-like" confinement at the VOA facility qualified for § 3585(b) credit. Like the defendant in Koray, Hans was released to a VOA facility and prevented from leaving the facility by the conditions of his release order. Hans argues on appeal that documents in the record indicate that he was not released, but was rather still in custody. The record does not support this assertion. Hans signed

and initialed the "Order Setting Conditions of Release," which clearly indicates that he was being released subject to certain conditions, including his residence at the VOA facility on lockdown status. The fact that the district court issued an order stating that Hans was released from the VOA facility does not mean that his residence at the VOA was "official detention," since, among other things, this order does not describe Hans's residence at the VOA facility as "custody" or "detention." Likewise, the fact that the "Petition to Enter Plea of Guilty" provided that he could be considered for release prior to his trial does not mean that he was in "official detention" at the time it was signed. The provision Hans relies on is merely a recitation of the rights he had if he elected to plead "not guilty."

Hans also seeks to distinguish his case on the basis that he was required to reside at the VOA facility for the government's benefit. But there is nothing in Koray to suggest that the definition of "official detention" would change based on the government's rationale for requesting certain conditions of release. Therefore, the district court did not err in denying Hans's § 2241 petition based on the Supreme Court's decision in Koray.[1]

**AFFIRMED.**

---

[1] Moreover, we decline to consider Hans's request in his reply brief that we consider Justice Ginsburg's concurrence in Koray, since we do not address arguments raised for the first time in a pro se litigant's reply brief. Lovett v. Ray, 327 F.3d 1181, 1183 (11th Cir. 2003).