[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  12-16099
_____


D.C. Docket No. 4:10-cv-00077-CDL


CARLTON BRANTLEY,
LARRY DOWDELL,
MELVIN GRIFFIN,
PONDIEL MABRY,
CONNIE MCCOY,
HAYWARD PARHAM,
REGINAL RICHARDSON,
JERRY STARKS,
LARRY THOMPSON,
WILLIAM MARSHALL,
GODFREY BIGGERS,
PATRICK STROUD,
CALVIN WILLIAMS,
HENRY CRAWFORD,

                                        Plaintiffs - Appellants,

JOHN DOE,

                                        Plaintiff,

versus

MUSCOGEE COUNTY SCHOOL DISTRICT,

DON A. COOPER, JR.,
KINARD LATHAM,
CAROL FRENCH,
MARIE STRINGFELLOW,
THOMAS M. SHELLNUTT, SR.,
JERRY DUCK,

Defendants - Appellees,

JOHN DOE,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 24, 2013)

Before PRYOR and HILL, Circuit Judges, and O'KELLEY,[*] District Judge.

PER CURIAM:

Plaintiffs appeal the grant of summary judgment to defendants on their discrimination claims under Title VII and Sections 1981 and 1983 as well as various other federal and state law claims. The district court held that most of these claims are time-barred, and that the remainder are without merit. For the following reasons, we shall affirm.

[*] Honorable William C. O'Kelley, United States District Judge for the Northern District of Georgia, sitting by designation.

2

I.

Plaintiffs are fourteen former and current plant services and custodial employees of defendant Muscogee County School District (the "school district"). Plaintiffs' claims arise out of their having been denied access to a retirement plan called the Teachers' Retirement System (the "TRS"). Plaintiffs assert that similarly-situated white employees were granted access to the desirable retirement plan, while they were relegated to a less generous retirement system. Plaintiffs claim that the school district's actions in this regard were the product of intentional racial discrimination. Plaintiffs also assert these claims against several individual employees who allegedly participated in the retirement system discrimination.[1]

The school district responds that the TRS is a retirement plan for employees with supervisory responsibilities and job titles and that none of the plaintiffs in this case held such a job. The school district also asserts that the majority of plaintiffs' claims in this action are time-barred.

II.

---

[1] Plaintiffs raised several additional claims of retaliation, disparate impact, and due process violations at the summary judgment stage of the district court proceedings. As these claims were not found in plaintiffs' Second Amended Complaint, the district court did not consider them. Nor do we.

3

This case does not involve complex issues of law.  The law is quite clear that the school district may not deny access to the more generous retirement system on the basis of race.

Rather, this case is about facts.[2]  The fact is that in the 1980's, several white employees were permitted to enroll in the TRS retirement plan even though, as plant services employees, they were not supervisors and, therefore, not qualified to participate in that plan.  This mistake was made by one employee, Kinard Latham, who served as the school district's plant services director from 1974 to 1996.  Latham understood the term "supervisor" to include someone who "supervised" a "person, tool, or task."  Therefore, in the 1980s Latham permitted, even encouraged, several plant services employees to inflate their job titles to include the word "manager" or "supervisor" in their applications to the TRS.  The TRS mistakenly accepted these employees for membership.  According to plaintiffs, these employees were white.

In 1993, Latham tried to help more employees – including several of the instant plaintiffs[3] -- gain access to the TRS.  At his prompting, the school district wrote a letter to the TRS requesting admission for these employees.  The letter

---

[2] This discussion of the facts is synthesized from the extremely painstaking findings of fact found in the district court's sixty-page, thorough opinion upon which it based its judgment.

[3] Plaintiffs Biggers, Dowdell, Griffin, and Richardson were all in this group.

4

contained the employees' actual job titles but stated that the employees were "employed in positions which encompass supervisory responsibilities." The TRS rejected these applications, finding that it did not appear that any of these employees were eligible for TRS membership. At this time, the TRS also provided the school district with a clear definition of the terms "supervisor" and "manager."

Latham's actions led to a series of school district investigations and process changes in the personnel department. Unfortunately, Latham's actions also led to miscommunication, gossip and distrust among plant services employees. These employees who believed that had been unfairly excluded from the TRS complained to the NAACP, filed a state court lawsuit in 2007, and ultimately this action.

Based upon these facts, the district court concluded that the TRS was the statutory entity with authority to determine eligibility for the TRS retirement plan and that Latham's actions were unauthorized. The district court concluded that it was clear that, although Latham facilitated membership in the TRS for several unqualified employees, these plaintiffs "were not eligible for TRS enrollment based on their job titles and job duties." Finally, the district court concluded that none of the instant plaintiffs was eligible for membership in the TRS. We agree.

Furthermore, the majority of these plaintiffs' Section 1981 and 1983 claims are time-barred. The statute of limitations for Section 1983 claims is two years.

5

The statute begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (internal quotation marks omitted). The statute for Section 1981 claims is four years and begins to run when plaintiffs should reasonably have discovered the alleged violations.

In this case, there is no doubt that most of these plaintiffs had actual knowledge of the facts supporting their present claims well outside of the statutory limitations periods.[4] The district court's opinion, which carefully documents the undisputed facts undergirding each plaintiff's claim of discrimination, makes perfectly clear that the undisputed evidence is that each of these plaintiffs knew of their rejection by the TRS and believed it to be racially motivated more than four years before this action was filed. Therefore, these claims are time-barred.[5]

---

[4] Plaintiffs Brantley, Mabry, McCoy, Parham, and Thompson asserted timely Section 1981 claims. These claims were considered but rejected on the merits. Plaintiff Williams asserted timely claims under both Section 1981 and 1983. Brantley's Title VII claim was timely but abandoned.

[5] Plaintiffs attempt to raise a continuing violation defense to this time bar under the authority of the Lilly Ledbetter Fair Pay Act of 2009. We decline to consider this argument because it was not raised before the district court, but we note that several courts have held that the Fair Pay Act does not apply to non-compensation claims of discrimination. *See Schuler v. PricewaterhouseCoopers*, LLP, 595 F.3d 370, 375 (CADC 2010); *Noel v. The Boeing Co.*, 622 F.3d 266, 273-74 (3d Cir. 2010).

6

III.

After careful review of the district court's opinion and order, we find no reversible error. Our independent review of the record confirms that the district court's grant of summary judgment to defendants is due to be

AFFIRMED.