[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11034
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-00119-JDW-AEP


JUSTIN LASTER,

Plaintiff-Appellant,

versus

CITY OF TAMPA POLICE DEPARTMENT,
M. BARRY,
police officer,
S. VANTROOP,
police officer,
S. VANTREESE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 22, 2014)

Before TJOFLAT, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Justin Laster, proceeding *pro se*, appeals the district court's dismissal of the City of Tampa (the "City") from his lawsuit, brought pursuant to 42 U.S.C. § 1983 and state tort law, for failure to state a claim upon which relief can be granted under Rule 12(b)(6), Fed. R. Civ. P.  Laster argues that the district court erred by dismissing the City because the City should be held vicariously liable for the actions of its employees.  Laster also appeals the district court's denial of his motions to recuse the trial judge, asserting that a conflict of interest existed and that he presented evidence of the judge's impartiality.  Upon review of the record and after consideration of the parties' briefs, we affirm.

## I.

Laster brought this action against the City and two officers with the Tampa Police Department, Mark Barry and Scott Vantreese, alleging various violations arising out of a traffic stop.  Pertinent to this appeal, Laster filed an amended complaint in March 2013 containing the following allegations, which we accept as true for purposes of our review.

Around 9:05 p.m. on July 11, 2011, Laster was driving on Nebraska Avenue in Tampa, Florida, when Barry initiated a traffic stop of Laster's vehicle.  Vantreese arrived soon after as backup.  After running a check of Laster's license

2

and registration, Barry cited Laster for failing to register his vehicle in Florida within ten days of obtaining employment in Florida and arrested him without explanation, placing handcuffs very tightly on Laster's wrists. Barry also cited Laster for an inoperable passenger-side headlight, although Laster alleged that the light was working. While Laster was detained in the back of the police car, Vantreese searched Laster's car and seized several cell phones and a laptop. Vantreese and Barry discussed whether they could charge Laster with any other crime based on the evidence obtained from the car. Eventually Laster was taken to the police station and kept in a holding cell until the next morning, when he was released.

Laster alleged that Barry and Vantreese lacked probable cause to pull him over, pulled him over because he was black, illegally arrested him, and attempted to fabricate additional charges to keep him in jail. He asserted that the defendants should be held accountable for their "deliberate, wrongful, and malicious actions." Laster further stated that a state-court judge later found him not guilty of the two citations that Barry issued. Based on these events, Laster raised claims of false arrest, malicious prosecution, and police misconduct under Florida state law, and violations of the Fourth Amendment and Title VII of the Civil Rights Act of 1964. The defendants moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), and Barry and Vantreese raised the defense of qualified immunity.

The district court granted in part and denied in part the defendants' motion to dismiss. At issue in this appeal, the court dismissed with prejudice all claims against the City, finding that the amended complaint did not state any claims against the City or the police department, nor did "the allegations against the officers, even liberally construed, state an action against the City." The court dismissed the Title VII claim with prejudice but granted Laster leave to amend his complaint with respect to other counts against Barry and Vantreese which were dismissed without prejudice.[1]

Thereafter, Laster filed a *pro se* second amended complaint, naming Barry as the sole defendant, alleging false arrest, malicious prosecution, and violations of Laster's Fourth Amendment rights. Barry answered the complaint, and neither party moved for summary judgment. Laster proceeded to trial before a jury only with respect to his Fourth Amendment claim. The jury returned a verdict finding that Barry had not intentionally committed acts that violated Laster's constitutional rights. Upon entry of judgment on the jury verdict, Laster timely brought this appeal.

On appeal, Laster argues that the district court erred by dismissing the City from the action because the City should be held vicariously liable for the torts of its employees under Fla. Stat. § 768.28. He also contends that the court erred in

---

[1] Laster does not challenge on appeal the dismissal of his Title VII claim or the dismissal without prejudice of his claims against Vantreese.

4

denying his motions to recuse the judge, which he filed after the order on the motion to dismiss and later during discovery.

## II.

We review *de novo* the district court's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., accepting the facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). We hold the pleadings of *pro se* parties to less stringent standards than pleadings drafted by lawyers and therefore construe Laster's pleadings liberally. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). We review a district court's refusal to recuse for an abuse of discretion. *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000).

## A.

Section 1983 creates a private cause of action for deprivations of federal rights by persons acting under color of state law. 42 U.S.C. § 1983. Municipalities and other local-government units are included among the "persons" to whom § 1983 applies. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690-91, 98 S. Ct. 2018 (1978). When a constitutional injury is caused by the execution of a government entity's official policy or custom, the entity may be held liable under § 1983. *See id.* at 694, 98 S. Ct. 2018. But a municipal employer

5

is not vicariously liable under § 1983 for injuries caused solely by its employees. *Id.* at 691-94, 98 S. Ct. 2018; *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Florida law, on the other hand, allows a plaintiff to recover against a municipality for the tortious acts of its employees based upon a theory of *respondeat superior*. *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 n.18 (11th Cir. 1988); *see* Fla. Stat. § 768.28.

The district court did not err in dismissing the City from Laster's lawsuit for failure to state a claim upon which relief could be granted. Although Florida state law allows for an entity such as the City to be held vicariously liable for the torts of its employees, this rule does not apply to federal constitutional claims asserted under § 1983. The City cannot be held vicariously liable under § 1983 for violations of the Fourth Amendment allegedly committed by its individual employees. *McDowell*, 392 F.3d at 1289. Moreover, Laster did not allege any facts indicating that the officers were acting pursuant to the City's official policy or custom, and he does not raise the City's municipal liability as an argument on

6

appeal.[2]  *See Monell*, 436 U.S. at 694, 98 S. Ct. 2018.  Consequently, the § 1983 claim against the City was properly dismissed.[3]

We further disagree with Laster's contention that the jury's verdict finding Barry not personally liable shows that the City itself is liable for his injuries.  To prevail on a theory of vicarious liability against the City under Fla. Stat. § 768.28, Laster had to show liability on the part of Barry, the City's employee.  *See Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1500-01 (11th Cir. 1990).  Because the jury found that Barry had not violated Laster's constitutional rights, Laster cannot proceed against the City.

**B.**

---

[2]  Laster's argument that the district court erred by dismissing the City with prejudice without granting him at least one opportunity to amend his complaint was first raised in his reply brief and, therefore, is not properly before us.  *See Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003).  In any case, Laster has not shown that permitting him to amend his claims against the City would have been anything other than futile.

[3]  In his briefs on appeal, Laster challenges the district court's ruling only with respect to the alleged Fourth Amendment violations brought pursuant to § 1983, not the tort claims brought under Florida state law.  Accordingly, Laster has abandoned any argument that the court erred in dismissing the state-law claims by failing to raise the issue on appeal.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014).  Moreover, Laster would not be entitled to relief on appeal with respect to these claims because, even if the district court erred in dismissing the state tort claims against the City, the doctrine of claim preclusion would, under the circumstances, bar Laster from raising these same claims against the City in a future proceeding.  *See Kaiser Aerospace & Elecs. Corp. v. Teledyne Indus., Inc. (In re Piper Aircraft Corp.)*, 244 F.3d 1289, 1296 (11th Cir. 2001).  Claim preclusion would apply because the claims were raised, though abandoned prior to trial; there was a final judgment on the merits by a court of competent jurisdiction; and the City was in privity with Barry because the City's liability was based solely on Barry's actions.  *See id.*; *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1500-03 (11th Cir. 1990).

Any judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."   28 U.S.C. § 455(a), (b)(1).   "Under § 455, the standard is whether an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."   *Christo*, 223 F.3d at 1333. Neither rulings adverse to a party nor friction between the court and counsel constitute pervasive bias requiring recusal.  *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983).

The district court did not abuse its discretion by declining to recuse.  Laster had sought the judge's recusal on two occasions: first, for reasons relating to the adverse ruling dismissing the City from the action, and second, because Laster did not timely receive a management scheduling order, and he alleged that the deadlines in the order were unfair.  The fact that the district judge made rulings adverse to Laster does not constitute pervasive bias.  *See Hamm*, 708 F.2d at 651. Nor did Laster present—and the record does not contain—evidence that would cause an objective, fully informed lay observer to entertain significant doubt about the court's impartiality.  *See Christo*, 223 F.3d at 1333.  On the contrary, the record reflects that the judge promptly responded to the concerns raised in Laster's second recusal motion by *sua sponte* amending the scheduling order to extend the

8

deadlines.  The district judge, therefore, had no duty to recuse, so his failure to recuse does not constitute error.

## IV.

In sum, the district court did not err in dismissing Laster's claim against the City for violations of his Fourth Amendment rights, and the court did not abuse its discretion in denying Laster's motions to recuse.  Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**