[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14555
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-01355-TJC-MCR


ROGER SMITH,

Plaintiff-Appellant,

versus

TINA M PATE,
Chairperson and Commissioner in official capacity for
Florida Commission on Offender Review,

Defendant,

FLORIDA COMMISSION ON OFFENDER REVIEW,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 3, 2018)

Before ED CARNES, Chief Judge, HULL, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Roger Smith, a Florida prisoner proceeding pro se, appeals the district court's dismissal as time-barred of his 42 U.S.C. § 1983 action against the Florida Commission on Offender Review.

Smith pleaded guilty in 1981 in Florida state court to burglary of a dwelling with a dangerous weapon and sexual battery with use of a deadly weapon. He was sentenced to two consecutive terms of life imprisonment, which made him eligible for parole under the Objective Parole Guidelines Act of 1978. Under the Act, the Commission must set a presumptive parole release date for an inmate and, if it finds that parole is warranted, set an effective parole release date. New guidelines issued in 1983 established certain extraordinary review procedures which affected an inmate's ability to receive an effective parole release date.

In March 2005 the Commission set Smith's presumptive parole release date for August 9, 2007, and scheduled an interview for May 25, 2007, to set his effective parole release date. Smith alleged that he presented satisfactory conduct and a parole release plan at his interview, but that on June 20, 2007, the Commission declined to set an effective parole release date and instead scheduled an extraordinary interview for August 8, 2007. On August 15, 2007, the Commission suspended Smith's presumptive parole release date, refused to set an

2

effective parole release date, and scheduled an extraordinary interview in March 2012.  After that interview, the Commission continued the suspension of his presumptive parole release date, declined to set an effective parole release date, and scheduled another extraordinary interview in January 2019.

Smith filed this § 1983 action on November 5, 2015, alleging that he had contracted for the parole eligibility rules in the Objective Parole Guidelines Act of 1978 when he pleaded guilty, and that the Commission's use of the 1983 guidelines violated his plea agreement and right to due process.  The district court dismissed his complaint with prejudice, ruling that it was time-barred.  This is Smith's appeal.

"The statute of limitations is an affirmative defense, so a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred."  Boyd v. Warden, Holman Corr. Facility, 856 F.3d 853, 872 (11th Cir. 2017) (quotation marks omitted). "Section 1983 claims . . . are governed by the forum state's residual personal injury statute of limitations," which means that a "plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act."  Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999).  The statute of limitations begins to run when the "facts which would support a cause of action are apparent or should be apparent to a person with a

reasonably prudent regard for his rights." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).

The district court did not err in dismissing Smith's complaint because it is apparent from the complaint that his claim is time-barred. He alleges that the Commission relied on the 1983 guidelines in its August 15, 2007 decision to suspend his presumptive parole release date, refuse to set an effective parole release date, and schedule an extraordinary interview for March 2012. Given that allegation, and his claim that the Commission violated his guilty plea and due process rights by relying on the 1983 guidelines, it is clear from the complaint that he knew or should have known on August 15, 2007, that the Commission was applying the 1983 guidelines. That means he had until August 15, 2011 to file his complaint. See Burton, 178 F.3d at 1188. But he did not file his complaint until November 5, 2015, nearly four years after the limitations period expired.

Smith argues that Florida recognizes the "continuing violation" doctrine for breach-of-contract claims, and under that doctrine his March 2012 interview amounts to a continuing violation that extends the limitations period. See Lovett, 327 F.3d at 1183 ("The critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does.") (quotation marks and alterations omitted). That

argument fails because the initial decision to apply the new parole procedures is the alleged violation and later applications of that decision do not extend the limitations period.  See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261–62 (11th Cir. 2003) ("Each time Brown's parole reconsideration hearing is set, it does not amount to a distinct and separate injury. . . .  The successive denials of parole do not involve separate factual predicates and therefore do not warrant separate statute-of-limitations calculations.  Because Brown did not file his claim within two years of the 1995 decision, his § 1983 action is untimely."); see also Lovett, 327 F.3d at 1183 ("[T]he defendants' act (deciding not to consider Lovett for parole again until 2006) was a one time act with continued consequences, and the limitations period is not extended.").  As a result, the district court did not err in dismissing Smith's complaint as time-barred.

**AFFIRMED.**

5