[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

———————————————

No. 24-11138

Non-Argument Calendar

———————————————

MARTHA C. HARRIS,

Plaintiff-Appellant,

*versus*

WELLS FARGO BANK N.A.,
STANDARD GUARANTY INSURANCE COMPANY,
CRAWFORD & COMPANY,

Defendants-Appellees.

———————————————

Appeal from the United States District Court
for the Northern District of Alabama

2                    Opinion of the Court                    24-11138

D.C. Docket No. 2:23-cv-00173-AMM

————————————————

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Roderick Harris, proceeding *pro se* both in his individual capacity and as administrator of the Estate of Martha C. Harris (the "Estate"), appeals the district court's order granting summary judgment to Wells Fargo Bank N.A. ("Wells Fargo"), Standard Guaranty Insurance Company ("Standard"), and Crawford & Company ("Crawford") (collectively, "Appellees"). He argues that a settlement agreement, which the court issued an order enforcing in a separate proceeding, is void and that Appellees breached the agreement.

We review a district court's grant of summary judgment *de novo*. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1291 (11th Cir. 2012). Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). All submitted evidence is viewed in the light most favorable to the nonmovant and all justifiable inferences are drawn in its favor. *Jones*, 683 F.3d at 1291-92. The party moving for summary judgment has the initial burden of demonstrating through evidence that there is no genuine issue of material fact. *Id.* at 1292. The nonmovant must then rebut the movant with evidence of a genuine dispute. *Id.* If the nonmovant presents evidence that is merely colorable or not "significantly

24-11138            Opinion of the Court            3

probative of a disputed fact," the movant is entitled to summary judgment. *Id.* (quotation marks omitted). Summary judgment may be affirmed "if there exists any adequate ground for doing so, regardless of whether it is . . . one on which the district court relied." *Lapham v. Walgreen Co.*, 88 F.4th 879, 889 (11th Cir. 2023), *cert. denied*, 145 S. Ct. 162 (2024).

"By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

We also review a district court's interpretation of a settlement agreement *de novo*. *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1153 (11th Cir. 2019).

"In federal diversity actions, state law governs substantive issues, but federal law governs procedural issues." *ML Healthcare*

*Services, LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1299 (11th Cir. 2018).

Collateral estoppel or issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1318 (11th Cir. 2012) (quotation marks omitted). "This serves the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Id.* (quotation marks omitted). We apply issue preclusion when "(1) the issue at stake is identical to the one involved in the prior litigation; (2) the issue was actually litigated in the prior suit;" (3) the determination of the issue "was a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue in the earlier proceeding." *Id.*

Under Alabama law, a settlement agreement is a contract and is construed like any other contract. *Jones v. Ruth*, 31 So. 3d 115, 118 (Ala. Civ. App. 2009).

Of the various Alabama statutes that Harris cites on appeal, Ala. Code § 7-2-201 states that "a contract for the sale of goods for the price of five hundred dollars ($500) or more is not enforceable by way of action or defense unless . . . a contract for sale has been made between the parties and signed by the party against whom

24-11138                Opinion of the Court                5

enforcement is sought." Ala. Code. § 7-2-201. "A party who has signed a written contract may be compelled specifically to perform it, though the other party has not signed it, if the latter has performed, or offers to perform, it on his part and the case is otherwise proper for enforcing specific performance." Ala. Code § 8-1-44. However, "[s]pecific performance cannot be enforced against a party to a contract . . . [i]f he has not received an adequate consideration for the contract." Ala. Code § 8-1-40(1). Further, "[c]onveyances for the alienation of lands must be written or printed . . . and must be signed at their foot by the contracting party or his agent . . . ; the execution of such conveyance must be attested by one witness." Ala. Code § 35-4-20.

Under Rule 60, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for a variety of reasons, including: the judgment is void; or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6). A Rule 60(b) motion "must be made within a reasonable time," but a motion filed under Rule 60(b)(1), (2), or (3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* 60(c)(1). Rule 60 does not limit a court's power to either "entertain an independent action to relieve a party from a judgment, order, or proceeding," or "set aside a judgment for fraud on the court." *Id.* 60(d)(1), (3).

We have determined that judicial bias "must stem from extrajudicial sources, and must be focused against a party to the proceeding." *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d

647, 651 (11th Cir. 1983) (citation omitted).  An exception exists if a judge's remarks in a judicial context "demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties." *United States v. Ramos*, 933 F.2d 968, 973 (11th Cir. 1991).  However, rulings adverse to a party do not constitute pervasive bias.  *Hamm*, 708 F.2d at 651.

We construe a *pro se* litigant's pleadings liberally.  *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).  However, that "leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69 (quotation marks omitted).  We do not consider issues raised for the first time in a party's reply brief.  *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (involving *pro se* appellant).

Here, the district court did not err in granting Appellees' motions for summary judgment because collateral estoppel bars Harris's argument as to whether the settlement agreement is enforceable and there is no genuine dispute as to whether Appellees fulfilled their agreement obligation.  First, the issue of whether Harris is bound by the agreement was at issue in the 2020 proceeding because it was argued in Appellees' motion to enforce the settlement, to which Harris responded in opposition, and the court explicitly determined that Harris assented to the terms and the agreement was enforceable, and neither Harris nor the Estate appealed this order nor sought reconsideration.  *See generally* CM/ECF for N.D. Ala, case no. 2:20 cv 00335 SLB); *Miller's Ale House, Inc.*, 702 F.3d at

1318. Second, the issue was actually litigated: Appellees filed a motion to enforce the settlement to which Harris responded in opposition and the court ultimately granted the motion, dismissing Harris's complaint with prejudice. *Id.* Third, the determination that the settlement agreement was enforceable—because Harris manifested assent and understanding to the terms—was a critical and necessary part of the judgment in the 2020 proceedings because it underlies the court's dismissal of his complaint with prejudice and the court subsequently ordered that Appellees undertake specific actions to fulfill requirements of the agreement. *Id.* Finally, as discussed, Harris responded in opposition to the motion to enforce the settlement, the court held a hearing on the motion to enforce at which Harris made arguments, and the court specifically discussed his arguments and why they were unavailing, so Harris had a full and fair opportunity to litigate the agreement's enforceability in the 2020 proceedings. *Id.*

Further, the district court did not err in granting Appellees' motions for summary judgment because Appellees fulfilled their obligations in any existing settlement agreement and neither Harris nor the Estate offered any evidence to create a dispute of material fact that Appellees did not do so. *Jones*, 683 F.3d at 1292. Both Standard and Crawford were required to issue checks payable to the Estate for $104,000 and $5,000 respectively, and the court granted their motion for leave to deposit funds into the district court because Harris did not open the Estate's bank account. *Id.* The district court then noted that interpleader deposits were received in the amounts of $104,000 and $5,000. *Jones*, 683 F.3d at

1292.  Though Harris argues that the amounts should have been mailed to his post office box, there is nothing in the record to indicate that any party agreed to that; rather, originally the funds were to be sent to a probate court and then the court granted Standard's and Crawford's motion to deposit the funds with the district court. Per the agreement, Wells Fargo was required to credit Harris's account $25,000 to the mortgage for the Property, quitclaim the Property back to the Estate, and return the two cars to the Property that were previously removed.  .  Neither Harris nor the Estate argues that Wells Fargo failed to undertake these requirements and Wells Fargo provided the quit claim deed for the Property as well as bills of sale, a towing receipt, and pictures of the cars returned to the Property.

Harris's Rule 60 argument is unavailing as it is untimely. The district court's order enforcing the settlement was issued on February 12, 2021, and neither Harris nor the Estate appealed this order nor sought reconsideration pursuant to Rule 60, but filed the instant, separate complaint almost two years after the order was issued. Fed. R. Civ. P. 60(c)(1). Further, Harris did not reference Rule 60 in his initial complaint, but in his response to Standard's motion to dismiss, on April 4, 2023. Thus, any attempt to make a Rule 60(b) motion was not made within a reasonable time. *Id*.

Harris's reliance on the Alabama Codes to which he cites fails as there is nothing in the record to indicate the sale of any good for $500 or more. Instead, Wells Fargo had to file a quit claim deed of the Property back to him, for which it provided paperwork

24-11138                Opinion of the Court                9

showing proper performance.  Wells Fargo's conveyance of the Property via a quit claim deed was written, signed by its agent, and attested to by a witness.  Ala. Code § 35-4-20.

Finally, Harris's argument of the Judges' bias is unavailing because the only reason for bias was the adverse rulings against him in finding that he had assented to the settlement agreement which is insufficient to establish bias.  *Hamm*, 708 F.2d at 651.

For the foregoing reasons, the decision of the district court is

**AFFIRMED.**[1]

---

[1] Harris's motions for leave to file a motion to stay, stay pending appeal, and for leave to file an affidavit are DENIED.