[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15371
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-01117-JEC

CLIFTON BELL,

Plaintiff-Appellant,

versus

METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY (MARTA),
CHIEF WANDA DUNHAM,
Personally,
ASSISTANT CHIEF JOSEPH DORSEY,
Personally,
A, B, AND C, BEING THOSE PERSONS, FIRMS, OR ENTITIES
PRESENTLY UNKNOWN TO PLAINTIFF,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 7, 2013)

Before BARKETT, HULL, and Jordan, Circuit Judges.

PER CURIAM:

Clifton Bell appeals the district court's grant of summary judgment in favor of defendants Metropolitan Atlanta Rapid Transit Authority ("MARTA"), MARTA Chief of Police Wanda Dunham, and MARTA Assistant Chief of Police Joseph Dorsey on Bell's 42 U.S.C. § 1983 due process and constructive discharge claims. The district court concluded that the defendants were entitled to summary judgment on these federal claims because Bell filed his complaint outside of the applicable two-year limitations period and, in any event, Bell failed to establish the existence of a genuine issue of material fact as to these claims. Bell raised state claims as well, but the district court declined to exercise supplemental jurisdiction and dismissed the state claims without prejudice.

Bell's complaint arose out of the circumstances surrounding the end of his employment as a MARTA police officer. After unauthorized purchases of equipment from Best Buy stores came to light, MARTA conducted internal investigations of Bell and another MARTA police officer, Lt. Christopher Heggs, concerning the creation of unauthorized accounts with Best Buy and the unauthorized purchases from those accounts. As a result of the investigation, a draft letter of termination was placed in Bell's personnel file on March 2, 2007, along with a disciplinary action recommendation form that recommended his

2

termination.  The letter was not delivered to Bell, however.  Rather, on March 5, 2007, the next business day, Bell was asked to attend a meeting with Chief Dunham and Assistant Chief Dorsey, at which they informed him of the results of the internal investigation and gave him the option to resign or be terminated.  Bell chose to resign, and signed a letter of resignation.

In January 2008, Bell requested his personnel file, which could be obtained through an Open Records Act request.  By January 25, 2008, MARTA sent him the following: (1) the internal investigation report concerning Bell; (2) the letter of termination and disciplinary action recommendation form; and (3) Bell's letter of resignation.  In 2009, Bell received his final paycheck, which reflected that his last day of work was March 2, 2007.  In 2009, he also received the internal investigation report concerning Lt. Heggs, in which the internal investigator concluded that Heggs made unauthorized purchases with a Best Buy account that Bell had opened.

Bell first filed his complaint on April 14, 2010.  In his complaint, Bell raised a substantive due process claim, under 42 U.S.C. § 1983, but did not explain precisely the nature of that claim.  He also raised procedural due process claims under § 1983, alleging that his reputation was damaged as a result of MARTA's maintaining documents containing false statements (namely, that Bell opened an account with Best Buy and that Heggs made unauthorized purchases with that

account).  Additionally, he claimed that, unbeknownst to him, he had been terminated on March 2, 2007, and that MARTA improperly failed to provide him with a name clearing hearing.  Bell further claimed that he had been constructively discharged in that his resignation was procured through fraud.

In granting summary judgment in favor of MARTA, Chief Dunham, and Assistant Chief Dorsey, the district court concluded that all of Bell's federal claims were barred by the two-year applicable statute of limitations.  On appeal, Bell argues that he did not know all of the relevant facts until he received the report pertaining to Lt. Heggs in 2009.  He also argues that he was not aware that he had actually been terminated on March 2, 2007, instead of resigning on March 5, 2007, until he received his paycheck in 2009, which showed that he had not been paid for the time he spent in the March 5 meeting.

In an action brought under 42 U.S.C. § 1983, we "independently review" the district court's ruling on the applicable statute of limitations.  *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).  An appellant abandons any issues not meaningfully addressed in the initial brief.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years.  *Id.*; *see also* O.C.G.A. § 9-3-33. The statute of limitations does not begin to run until the facts supporting the "cause

4

of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett*, 327 F.3d at 1182.

Whether an individual possesses a constitutionally protected property interest in his employment status is a matter of state law. *See McKinney v. Pate*, 20 F.3d 1550, 1559 (11th Cir. 1994) (*en banc*). The substantive component of the Due Process Clause protects fundamental rights, in other words, "rights that are implicit in the concept of ordered liberty." *Id.* at 1556 (quotation omitted). Under Georgia law, a public employee generally does not have a vested right to such employment, and, unless the employment arrangement is modified by contract or statute, "power to hire carries with it the implied power to fire." *Ogletree v. Chester*, 682 F.2d 1366, 1369-70 (11th Cir. 1982) (quotation omitted).

Reputational damage sustained in connection with termination of government employment may give rise to a procedural due process claim for deprivation of liberty that is actionable under § 1983, provided that the plaintiff shows the following: (1) the employer made a false statement, (2) of a stigmatizing nature, (3) attending the government employee's discharge, (4) that was made public, (5) by the governmental employer, and (6) without a meaningful opportunity for a name clearing hearing. *Cotton v. Jackson*, 216 F.3d 1328, 1330 (11th Cir. 2000).

Constructive discharge occurs when an employer deliberately makes working conditions intolerable, thereby forcing the employee to quit his job. *Bryant v. Jones*, 575 F.3d 1281, 1298 (11th Cir. 2009).

All of Bell's federal claims are barred by the two-year statute of limitations. *See Lovett*, 327 F.3d at 1182. To the extent that Bell raises a substantive due process claim based on a property interest in continued employment with MARTA, he knew of all of the relevant facts as to that claim when he resigned on March 5, 2007.

As to Bell's claims that his reputation was damaged in violation of his due process rights and that he was entitled to a name clearing hearing, Bell was aware of all of the relevant facts, at the latest, on January 25, 2008, by which time he knew of the termination letter and disciplinary action recommendation form. *See Lovett*, 327 F.3d at 1182. The report concerning Heggs did not make any difference to these claims, because it contained the same allegedly stigmatizing information that was in the report concerning Bell. The fact that Bell's paycheck reflects his last day of pay as March 2, 2007, does not change the result because the record shows that Bell did not work on March 5, but rather only attended the meeting at which he resigned.

Bell's argument that he was unaware that he was actually terminated until 2009 is, likewise, without merit because MARTA's records reflect that he resigned

6

in lieu of termination.  And, in any event, he knew of the termination letter and disciplinary action recommendation form as of January 25, 2008.  Additionally, Bell's constructive discharge claim was untimely because Bell was aware of the circumstances surrounding his resignation as of March 5, 2007, the date that he resigned.  *See id.*  Accordingly, the district court properly granted summary judgment in favor of MARTA, Dunham, and Dorsey as to Bell's federal claims.

Because the district court correctly concluded that the statute of limitations barred Bell's federal claims, we need not reach Bell's arguments about the district court's alternative holding that Bell failed to raise a genuine issue of material fact as to each of his federal claims.  Moreover, Bell failed to provide substantive argument in support of his claim that the district court improperly declined to exercise supplemental jurisdiction over his state law claims and, therefore, has abandoned it on appeal.  *See Access Now, Inc.*, 382 F.3d 1330.

In a separate motion, Bell requests that this Court award him sanctions pursuant to Federal Rule of Civil Procedure 37 for various alleged discovery violations committed by the defendants in the district court.  Because Bell did not file any motion in the district court requesting relief under Rule 37 and does not appear to be appealing any discovery order by the district court, his motion for discovery sanctions in this Court is DENIED.

**AFFIRMED; MOTION DENIED.**

7