[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10864
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-01117-JEC

CLIFTON BELL,

Plaintiff-Appellant,

versus

METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY,
CHIEF WANDA DUNHAM,
Personally,
ASSISTANT CHIEF JOSEPH DORSEY,
Personally,
A, B, AND C, BEING THOSE PERSONS, FIRMS OR
ENTITIES PRESENTLY UNKNOWN TO PLAINTIFF,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 14, 2014)

Before WILSON, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

Clifton Bell appeals the district court's denial of his motion for relief from summary judgment under Fed. R. Civ. P. 60(b)(3) and (4), and for sanctions under Fed. R. Civ. P. 37.  Bell argues that it was an abuse of discretion to find that Bell's former employer, Metro Atlanta Rapid Transit Authority's (MARTA) failure to maintain a particular memo (the "Memo") in Bell's personnel file, was not a violation of law.  Further, he argues that the summary judgment ruling was void due to an erroneous application of the law.[1]  Upon review of the record and consideration of the parties' briefs, we affirm.

## BACKGROUND

Bell resigned from his position with the MARTA police department after he was charged with four rules violations pertaining to false or incomplete testimony and unauthorized written communications.  The charges were made at the conclusion of an internal investigation concerning purchases made on a Best Buy account that Bell had opened without the proper authority.  As a result of the

---

[1] Bell raised several other issues, including whether the district court improperly declined to exercise supplemental jurisdiction over his state law claims, and whether it abused its discretion by "justifying and/or mitigating MARTA [sic] unlawful actions regarding MARTA's failure to maintain its files as required by Georgia law."  However, he failed to provide substantive argument in support of these claims and, therefore, has abandoned them on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).  He also failed to provide substantive argument in support of his claim that sanctions were warranted, so he has also abandoned that issue on appeal. *Id.*

investigation, Bell was given the option of resignation or termination.  He chose to resign.

Subsequently, Bell brought a 42 U.S.C. § 1983 action raising due process and constructive discharge claims against MARTA, MARTA Chief of Police Wanda Dunham, and MARTA Assistant Chief of Police Joseph Dorsey (collectively, "MARTA").  Although Bell tendered his resignation on March 5, 2007, he alleged that he was actually terminated, unbeknownst to him, on March 2, 2007, without being given a name-clearing hearing.

Following discovery, the Defendants filed a joint motion for summary judgment.  In support, they attached, among other things, excerpts from Dunham's deposition, in which she explained that she drafted Bell's termination letter in anticipation of the March 5, 2007 meeting, and she displayed the letter to Bell at that March 5th meeting when she gave him the choice between resignation and termination.  MARTA also attached an excerpt of MARTA's General Order 26-103, which provided that terminated employees who are state certified have a right to a name-clearing hearing scheduled within five days of termination.

The district court granted summary judgment in favor of MARTA, finding that Bell's claims were untimely.  Bell appealed, and we affirmed the district court's grant of summary judgment.  *Bell Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862 (11th Cir. 2013) (per curiam).  Bell then filed a motion for relief

from the district court's summary judgment order and for sanctions under Fed. R. Civ. P. 60(b)(3) and (4) and Rule 37, respectively.

The basis for Bell's motion was the Memo, a document he obtained in April 2013 through an Open Records Act request to the Georgia Peace Officer Standards and Training Council. The Memo was authored by Sergeant S. Reynolds, Internal Affairs Commander of the MARTA police department. The Memo indicated that Bell was terminated on March 2, 2007 for rules violations related to "false testimony" and "written communications." Bell asserted that the Memo was fraudulently withheld by MARTA during discovery in his § 1983 case. According to Bell, the Memo raised a question of fact as to whether he was terminated or resigned, and thus was a factual issue for a jury to decide. He contended that the Memo also called into question all the district court's findings underlying its decision to grant MARTA's motion for summary judgment. Furthermore, Bell contended, the statute of limitations could not have begun to run until he discovered the Memo in April 2013. Finally, he argued that the court should issue sanctions because the Memo, which MARTA concealed, destroyed, and intentionally withheld from the court, was critical to his prima facie showing of the merits of his complaint.

The district court denied Bell's motion. He timely appealed. Now on appeal, Bell argues that the Memo was material because it contradicted MARTA's

4

assertion that Bell was not terminated, but that he chose to resign.  Thus, MARTA violated his substantive and procedural due process rights by terminating him without providing a name-clearing hearing.  MARTA's withholding of the Memo affected the district court's conclusion about Bell's separation status and the calculation of the statute of limitations.  He contends that he was prevented from an opportunity to clearly and properly present his case.

## DISCUSSION

We typically review a district court's order under Rule 60(b) for abuse of discretion.  *Am. Bankers Ins. Co. of Florida v. Northwestern Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).  However, we review de novo a district court's ruling on a Rule 60(b)(4) motion to set aside a judgment as void, because the question of the validity of a judgment is a legal one.  *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001).

Federal Rule of Civil Procedure 60(b) states: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void . . .".  Fed. R. Civ. P. 60.  However, "[a]n appeal of a ruling on a Rule 60(b) motion . . . is narrow in scope, addressing only the propriety of the denial or grant of relief and does not

raise issues in the underlying judgment for review." *Am. Bankers Ins. Co.*, 198 F.3d at 1338.

To prevail on a Rule 60(b)(3) motion, the movant must prove by "clear and convincing evidence that an adverse party has obtained the [judgment] through fraud, misrepresentation, or other misconduct." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000). Additionally, the moving party must show that the opposing party's conduct prevented him from "fully and fairly presenting his case." *Id.*

Pursuant to Rule 60(b)(4), a court may relieve a party from a final judgment or order that is void. *Burke*, 252 F.3d at 1263. "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction, . . . if it acted in a manner inconsistent with due process of law[, or] if the rendering court was powerless to enter it." *Id.* (internal quotation marks omitted).

In a Rule 60(b) motion, "[t]he losing party must do more than show that a grant of [the] motion might have been warranted; he must demonstrate a justification for relief so compelling that the district court was required to grant [the] motion." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (internal quotation marks omitted).

The district court here did not abuse its discretion by denying Bell relief under Rule 60(b)(3). Bell did not produce clear and convincing evidence of fraud

or misconduct by the defendants sufficient to support relief under Rule 60(b)(3). *Frederick*, 205 F.3d at 1287. The court accepted MARTA's explanation for why the Memo was not produced in discovery—it was not placed or maintained in Bell's personnel file because it did not accurately reflect the fact that Bell resigned in lieu of termination—and there was no evidence to suggest otherwise.

Further, the court did not abuse its discretion in concluding that the Memo did not affect its substantive rulings or its statute of limitations ruling. Although Bell discovered the Memo in April 2013, he was aware of all the facts which would support a cause of action when MARTA responded to his initial Open Records Act request in January 2008, but he did not file the underlying § 1983 action until April 2010, outside of the limitations period. Therefore, the memo did not affect the district court's statute of limitations ruling, which we previously affirmed. *See Bell*, 521 Fed App'x at 865. Bell certainly did not provide justification for relief so compelling that the district court was required to grant the motion. *Maradiaga*, 679 F.3d at 1291. Moreover, he did not show that MARTA's failure to produce the Memo in discovery prevented him from fully and fairly presenting his case. *Frederick*, 205 F.3d at 1287. He enjoyed a full opportunity to litigate the issue of whether he was terminated or resigned, and the discovery of the Memo did not change the basic facts underlying the complaint, including his admission that he resigned from his position in lieu of being terminated.

7

Furthermore, the district court did not err by denying relief under Rule 60(b)(4), as Bell identified no jurisdictional or other defect that would render the judgment void, nor did he show that the district court acted in a manner inconsistent with due process of law.  *Burke*, 252 F.3d at 1263.

Accordingly, we affirm.

**AFFIRMED.**