[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10501
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-00042-BAE-RSB

STEVEN JACOB SEIBERT,

Plaintiff-Appellant,

versus

COMMISSIONER, GEORGIA DEPARTMENT
OF CORRECTIONS,
COASTAL SP WARDEN, JOHN DOE,
COASTAL SP WARDEN, JANE DOE,
JANE DOES, Prison Intake Computer Input
Personnel at Coastal S.P. Diagnostics (2007),
COSTAL STATE PRISON, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(February 23, 2017)

Before TJOFLAT, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Steven Jacob Seibert, a prisoner proceeding pro se, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted. He brought suit against Brian Owens, Commissioner of the Georgia Department of Corrections ("GDOC"); Cynthia Nelson, Warden at Central State Prison ("Central"); Betty Lance, Deputy Warden at Central; Brad Hooks, Warden at Rogers State Prison ("Rogers"); Captain Jones; Milton Smith; Steven DuPree; James Deal; John/Greg Brown; Lieutenant Anderson; Lieutenant Wimberly; Sergeant Phillips; Ms. Dees; Mr. Sikes; Mrs. Ford; André Bateman; and various unnamed John/Jane Doe prison officials, employees and volunteers at Central, Rogers and Coastal State Prison ("Coastal"). According to the complaint, the defendants had engaged in a conspiracy to harass him, falsely imprisoned him, destroyed his business interests and personal and business property, and restricted his access to the courts in violation of his constitutional rights and federal, Georgia, Florida, and Ohio law. On appeal, Seibert argues that the district court: (1) erred in finding that the statute of limitations barred his claims; (2) erred in finding that his claims against supervisory defendants were conclusory; and (3) abused its discretion in failing to appoint Seibert counsel. After careful review, we affirm.[1]

We review de novo a district court's sua sponte dismissal for failure to state a claim under 28 U.S.C. § 1915A(b)(1), using the same standards that govern

---

[1] Nevertheless, we GRANT Seibert's motion for leave to correct and supplement his existing brief.

dismissals under Fed. R. Civ. P. 12(b)(6). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). We accept as true the facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). We likewise review de novo a district court's application of a statute of limitations. Ctr. for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006). We liberally construe a pro se party's pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). But we generally do not allow fictitious-party pleadings, even pro se ones. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).

First, we are unpersuaded by Seibert's argument that the district court erred by dismissing his claims on statute-of-limitations grounds, by failing to apply the continuing violation doctrine, and by failing to toll the statute of limitations until his release. Constitutional claims brought under § 1983 tort actions are subject to the forum state's statute of limitations for personal injury actions, which, in Georgia, is two years. O.C.G.A. § 9-3-33; Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). The statute of limitations does not start to run "until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Lovett, 327 F.3d 1182 (quotation omitted). In considering whether a continuing violation analysis applies, we ask if the plaintiff is complaining of "the present consequence of a one-

3

time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Id. at 1183 (quotation omitted). We deem a pro se prisoner's § 1983 complaint filed when it has been delivered to a prison official for mailing, and assume it was delivered to prison authorities on the day he signed it. United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012).

We look to state law for statutory tolling rules in § 1983 actions. Wallace v. Kato, 549 U.S. 384, 394 (2007). Georgia law tolls the limitations period for certain disabled individuals, but excludes prisoners from the list of persons entitled to statutory tolling. O.C.G.A. § 9-3-90; Giles v. Garwood, 853 F.2d 876, 877-78 (11th Cir. 1988). Equitable tolling may be used when the plaintiff shows that "an inequitable event prevented a plaintiff's timely action." Booth v. Carnival Corp., 522 F.3d 1148, 1150 (11th Cir. 2008). For § 1983 claims that "necessarily imply the invalidity of [a] conviction or sentence," plaintiffs have no cause of action and cannot file suit until that conviction or sentence has been invalidated. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

Seibert's § 1983 complaint, filed on May 2, 2014, contained all but two claims barred by the statute of limitations. For instance, his original complaint alleged that state and county employees harassed him and caused damage to his business interests and theft of his property from 1997-1999, well outside the two-year statute-of-limitations period. O.C.G.A. § 9-3-33. To the extent Seibert

4

alleged ongoing harassment from 1997 to 2005, these instances are also outside the statute of limitations, as is his allegation that his one-time transfer to Rogers State Prison in 2009 was done in retaliation and to harass him. Id. He did not provide any specific dates for the mail and other items he alleged were stolen in prison, but he says these violations took place at Rogers before and during his time in segregation. He adds that after he left segregation, he was housed in Building A, and then, on May 3-4, 2012, he was transferred to Hays State Prison. Drawing all reasonable inferences in the complaint in favor of the plaintiff, we are compelled to conclude that all of the theft occurred sometime before May 2, 2012, the operative cut-off date for purposes of the two-year statute-of-limitations period. And Seibert has never argued otherwise. Thus, the district court did not err in concluding that his theft-related claims fell outside the two-year statute of limitations. See Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) ("To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'"). Moreover, because Seibert is a prisoner, Georgia's tolling provisions do not apply to him and he does not allege that equitable tolling based on an inequitable event is warranted. O.C.G.A. § 9-3-90; Booth, 522 F.3d 1150. Accordingly, the district court properly dismissed Seibert's complaint for failure to state a claim as to the time-barred claims.

As for Seibert's false imprisonment claim, his original complaint alleged numerous false imprisonments from 1997 until the present date. But even if these false imprisonments could somehow be construed as continuing violations, his claims turn on the validity of his conviction and he has no cause of action because that conviction has not been invalidated. Heck, 512 U.S. at 486-87. To the extent Seibert has also raised an ongoing false imprisonment based on incorrect information in his file, Seibert alleges this claim against unnamed and unidentified individuals. Fictitious party pleading is not proper in federal court, so the district court did not err in dismissing this claim. Richardson, 598 F.3d at 738.

Next, while Seibert's claim based on his alleged retaliatory transfer to Hays State Prison was not barred by the statute of limitations, we find no merit to Seibert's argument that the district court erred in dismissing this claim and others against the supervisory defendants as conclusory. A § 1983 claim against a supervisor must show the supervisor participated in the "alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). A plaintiff must allege grounds for relief other than "labels and conclusions" devoid of facts and a complaint containing "conclusory allegations" will not survive dismissal for failure to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss . . . [t]hreadbare

6

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .  A pleading that offers 'labels and conclusions' . . . will not do." (quotation omitted)); Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1293 (11th Cir. 2010) (dismissing a claim where the allegations were "conclusory").

Of the claims Seibert alleged against specific, discernable, supervisory defendants, the original complaint was almost entirely comprised of conclusory allegations.  In his original complaint, Seibert alleged that Commissioner Owens failed to enact, enforce or maintain sufficient training and supervision to prevent mistakes when inputting prisoner information in the GDOC system, without putting forth specific facts about Owens's alleged involvement.  In his amended complaint, Seibert alleged that from 1997 to 2005, Owens personally directed some of the harassment, encouraged it, and did not stop it.  But Seibert otherwise did not add anything related to Owens and the failure to properly supervise GDOC employees, nor did he assert any specific facts about Owens's involvement or any causal connection between his actions and alleged constitutional violations. Brown, 906 F.2d at 671.  Additionally, Seibert's allegations against "GDOC supervisors" were properly dismissed since they are fictitious-party names. Richardson, 598 F.3d at 738.

As for Seibert's claim about his alleged retaliatory transfer to Hays State Prison, he alleged in his original complaint that defendants Hooks, DuPree and/or Brown were responsible for the transfer.  In his amended complaint, Seibert added additional injuries stemming from the transfer, but he did not elaborate on the allegations against Hooks, DuPree and Brown.  Because Seibert did not include any facts and instead stated mere conclusions about the defendants' responsibility, his complaint was too conclusory to survive the motion to dismiss stage.  Thus, for all of the reasons we've discussed, the district court did not err in dismissing Seibert's claims for failure to state a claim upon which relief could be granted.

Finally, we reject Seibert's claim that the district court abused its discretion by failing to appoint him counsel.  Prisoners raising civil rights claims have no constitutional right to counsel.  Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).  Appointment of counsel in civil cases must be justified by "exceptional circumstances," such as the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner," and may be warranted if the pro se litigant needs help presenting the merits of a claim to the court.  Id. (quotation omitted).  The district court has broad discretion in making this decision, and the fact that a plaintiff would be helped by counsel does not alone require the appointment of counsel.  Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999).

8

As a civil litigant, Seibert was not entitled to counsel for his claims.  Kilgo, 983 F.2d at 193.  He did not file a separate motion in the district court requesting counsel, but rather requested counsel as a form of relief in his complaint.  Although the district court did not address the request, that omission was harmless because this case does not present exceptional circumstances that necessitate the appointment of counsel.  Id.  Seibert presents no reasons that appointment of counsel would have been necessary other than to restate the facts in his complaint, presumably to highlight either the density or magnitude of his claims.  Although appointment of counsel may have been helpful to Seibert, that is true for many pro se litigants and does not constitute an exceptional circumstance.  Bass, 170 F.3d at 1320.  Therefore, any error committed by the district court in failing to address Seibert's request for counsel was harmless because the appointment of counsel was not warranted.

**AFFIRMED**.